UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FGX INTERNATIONAL INC.,

        Plaintiff,

v.                                                                                  C.A. No.

PREMIER ACCESSORY GROUP, LLC.,

        Defendant.

## COMPLAINT

Plaintiff FGX International Inc. ("FGXI"), for its complaint against Premier Accessory Group, LLC ("Premier"), alleges as follows:

### PARTIES

1. FGXI is a corporation organized under the laws of Delaware, with its principal office located in Smithfield, Rhode Island.

2. Upon information and belief, Premier is a limited liability company organized under the laws of New York, with offices located in Cranbury, New Jersey.

### JURISDICTION AND VENUE

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties named in the action are citizens of different states.

4. This Court has personal jurisdiction over FGXI as it is a resident of the State of Rhode Island and has personal jurisdiction over Premier under R.I. Gen. Laws § 9-5-33 because Premier has the necessary minimum contacts with the State of Rhode Island, as described below.

5. Venue in this Rhode Island district is proper under 28 U.S.C. § 1391(b) for several reasons, including because: 1) FGXI's principle office and place of business is located in

Providence County; 2) FGXI and Premier contractually agreed that a court of competent jurisdiction in Providence County, Rhode Island is the exclusive venue for all disputes under the contract that is the subject of the instant Complaint; and 3) Premier has solicited, transacted or done business within Rhode Island and a substantial portion of the events, activities, and communications in this matter originated in, occurred in, or were transmitted to or from Rhode Island.

## FACTUAL BACKGROUND

6. FGXI is in the business of designing, marketing, and distributing sunglasses and non-prescription reading glasses.

7. Premier is in the business of designing, developing, and distributing various consumer products.

8. FGXI and Premier are parties to a certain "Distribution Agreement" dated January 1, 2018, as amended by a certain "Amendment No. 1 to Distribution Agreement" dated as of August 2, 2018 and a certain "Amendment No. 2 to Distribution Agreement" dated as of June 3, 2019 (together, the "Distribution Agreement"), pursuant to which FGXI may purchase from Premier its current and future Energizer and Premier house brands of mobile accessory products (the "Products") for distribution. The Distribution Agreement, as amended, is attached hereto as *Exhibit A*.

9. Because the Products are outside of FGXI's core business products, FGXI made sure to negotiate the Distribution Agreement such that it could exit the agreement if, for example, the distribution of the Products was unprofitable, without suffering damages.

10. The term of the Distribution Agreement, as amended, is from January 1, 2018 through May 31, 2021. *Exhibit A*, Distribution Agreement.

11. Under the Distribution Agreement (Section IV(A)), Premier warranted that all Products delivered under the Distribution Agreement "will be free from defects in material and workmanship, will be fit and sufficient for the purpose intended, will be merchantable, and will meet and comply with the requirements of this Agreement." *Id.*

12. The Distribution Agreement (Section IV(A)) explicitly provides that the foregoing warranty shall survive acceptance and shall extend equally to FGXI and its customer. *Id.*

13. Pursuant to the Distribution Agreement (Section II(H)), if Premier delivers purchased Products that are shown to be damaged or defective, "Premier shall, at its sole cost, replace, or refund or credit the purchase price of" such Products within 60 days of the date on which the damaged or defective Product is returned to Premier. *Id.*

14. Further pursuant to the Distribution Agreement (Section II(I)), FGXI may return to Premier for a full refund of FGXI's purchase price from Premier: (a) slow-selling or discontinued Products or Products returned by FGXI customers at any time; (b) all unsold Products at the expiration or termination of this Agreement; (c) all unsold Products at the expiration or termination of a customer relationship between FGX and its customer that occurs within the tern of this Agreement and that were displayed on such terminating customer's store on the effective date of termination (subject to any applicable sell down period between the customer and FGX); and (d) all Products that are prohibited under applicable laws or regulations in the Territory to be sold, distributed or marketed where such laws or regulations are enforceable. *Id.*

15. The Distribution Agreement (Section II(I)) provides that any such refund shall be made by Premier within 60 days of the date such Products are returned to Premier. *Id.*

16. The Distribution Agreement (Section VII(A)) explicitly provides that, in the event of a breach of the Agreement by Premier, FGXI has the right to terminate the Distribution Agreement and FGXI's product return and refund rights under the Distribution Agreement shall survive for a period of one (1) year from the termination date. *Id.*

17. Further, the Distribution Agreement (Section II(I)) provides that Premier's refund obligations shall survive expiration or termination of the Agreement for any reason. *Id.*

18. On or about October 22, 2020, during a phone call between FGXI and Premier, FGXI verbally notified Premier that, during the term of the Distribution Agreement, FGXI had terminated certain customer relationships and that some Products purchased from Premier were unsold at the time of termination and/or may be "damaged" or "defective," and that FGXI planned to return the unsold Products and any "damaged" or "defective" Products for a refund, pursuant to the return and refund provisions of the Distribution Agreement.

19. On or about October 28, 2020, FGXI provided more detail, via email, about the estimate of the value of Products to be returned to Premier for a refund and items to be purchased to support FGXI's customer's needs through the end of its contracts with those customers.

20. FGXI did not receive any response from Premier to its October 28, 2020 email, or to any of its subsequent, multiple attempts to reach Premier after its October 28, 2020 email.

21. On or about February 18, 2021, having received no response from Premier to any communications following the October 2020 phone call, FGXI mailed Premier a formal letter, pursuant to the notification provisions of the Distribution Agreement (Section X(D)), providing updated information on the value of the Products to be returned by FGXI to Premier and requesting a return materials authorization number to begin the return process of those Products. *See* February 18, 2021 Letter from Alex Bernhardt, President, North America, of FGXI, to

Alfred Esses, Executive Vice President of Premier (the "Refund Notice Letter"), attached as *Exhibit B; see also Exhibit A,* Distribution Agreement. The Refund Notice Letter also notified Premier that it had one remaining active contract with a customer, and therefore would request a separate return materials authorization number from Premier to enable the return and associated refund of those remaining Products at the expiration of the Distribution Agreement. *Exhibit B,* Refund Notice Letter.

22. A return materials authorization is an e-commerce term that describes the initial process of returning a product to receive a refund; requesting a return materials authorization prior to shipping materials for a refund is a typical business practice.

23. Premier failed to respond to FGXI's Refund Notice Letter.

24. On or about April 23, 2021, FGXI mailed Premier a thirty-day notice of Premier's breach of the Agreement, pursuant to the notification and termination provisions of the Distribution Agreement (Section X(D) and VII(B), respectively), notifying Premier that it had breached the Distribution Agreement by failing to provide FGXI with a return authorization number or agreed to accept the unsold and/or damaged or defective Products referenced in its Refund Notice Letter. *See* April 23, 2021 Letter from Alex Bernhardt, President, North America, of FGXI, to Alfred Esses, Executive Vice President of Premier (the "Breach Notice Letter"), attached as *Exhibit C; see also Exhibit A,* Distribution Agreement. The Breach Notice Letter included an updated estimate and accounting of the value of Products to be returned for a refund, less an open balance owed to Premier. *Exhibit C,* Breach Notice Letter. Per the Breach Notice Letter, as of April 16, 2021, the total balance due to FGXI from Premier was $327,632.00. FGXI requested, again, that Premier provide it with a return materials authorization number to proceed with the return process.

25. Premier failed to respond to FGXI's Breach Notice Letter.

26. By failing to provide a return materials authorization number to FGXI upon multiple requests, or otherwise communicate with FGXI regarding its efforts to proceed with the return/refund provisions of the Distribution Agreement, Premier has breached the Distribution Agreement and/or has made FGXI's performance of its return obligations under the Distribution Agreement impossible.

27. As a result of Premier's failure to proceed with the returns process, FGXI is left with an inventory of unsold Products, including some defective or damaged Products, that it cannot sell.

28. In addition, as of May 31, 2021, the Distribution Agreement expired and FGXI is entitled to return all unsold Products and receive a refund from Premier totaling at least $327,632.00. *See Exhibit A*, Distribution Agreement, Section II(I)(b).

29. As a result of Premier's actions and inactions, FGXI has incurred other damages, including attorneys' fees and costs.

30. FGXI has been, and remains, ready, willing, and able to return all unsold or returned Products purchased from Premier to Premier, and has communicated that fact to Premier.

## COUNT I
### (*Declaratory Judgment*)

31. FGXI incorporates and re-alleges every allegation set forth in paragraphs 1 - 30.

32. FGXI contends that, pursuant to the Distribution Agreement, it is entitled to return Products purchased from Premier because certain Products were damaged or defective, "slow-selling" or returned by FGXI's customers, unsold at the expiration or termination of certain customer relationships between FGXI and its customer, and/or unsold at the expiration of the Distribution Agreement.

33. Upon information and belief, Premier disputes that it is required to accept the returns from FGXI or issue a refund to FGXI for the Products FGXI seeks to return.

34. The disputed contentions between FGXI and Premier concerning their rights under the Distribution Agreement present an actual controversy within the jurisdiction of this Court such that FGXI is entitled to a declaration of rights pursuant to 28 U.S.C. §2201.

35. There is a complete absence of justiciable issue of law or fact regarding Premier's failure to accept and provide refunds for the Products FGXI seeks to return to Premier, entitling FGXI to be paid its costs of litigation, including attorneys' fees, pursuant to R. I. Gen. Laws § 9-1-45.

WHEREFORE, Plaintiff FGXI respectfully prays that this Honorable Court enter an order that provides as follows:

a. A declaration by this Court that FGXI is entitled to return to Premier any Product that is damaged or defective, "slow-selling" or returned by FGXI's customers, unsold at the expiration or termination of certain customer relationships between FGXI and its customer, and/or unsold at the expiration of the Distribution Agreement for a refund pursuant to the Distribution Agreement, and that Premier must issue a return materials authorization number and/or otherwise proceed with the return/refund process.

b. A declaration by this Court that pursuant to the Distribution Agreement, FGXI is entitled to a refund of all unsold Products as of May 31, 2021 totaling at least $327,632.00; plus recovery of its costs of litigation, including reasonable attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45, its costs pursuant to R.I. Gen. Laws § 9-22-

5, and any additional damages FGXI has suffered in an amount to be established at trial; and for such other and further relief that the Court deems proper and just.

## COUNT II
***(Anticipatory Breach of Contract)***

36. FGXI incorporates and re-alleges every allegation set forth in paragraphs 1 - 35.

37. FGXI and Premier entered into the Distribution Agreement pursuant to which FGXI would purchase Products from Premier, and FGXI could return the Products to Premier for a refund under certain situations, including if the Products were damaged or defective, if the Products were "slow-selling" or returned by FGXI's customers, or if the Products were unsold at the expiration or termination of any customer relationship between FGXI and its customer or the expiration or termination of the Distribution Agreement.

38. FGXI purchased Products from Premier as provided under the Distribution Agreement, at least some of which were unsold at the expiration or termination of certain of FGXI's customer relationships, and/or were damaged or defective, and/or were "slow-selling" or returned by FGXI's customers, and all of which were unsold at the expiration of the Distribution Agreement.

39. FGXI has attempted numerous times to initiate the return process for such Products, but, after October 22, 2020, Premier has refused to communicate with FGXI and has failed to provide a return materials authorization number and/or otherwise proceed with the return process.

40. Such actions (or inactions) by Premier have made complete performance of the Distribution Agreement impossible.

41. To the extent otherwise possible, FGXI has performed and will perform as promised under the Distribution Agreement.

42. Premier, however, has failed to perform its return/refund obligations as promised under the Distribution Agreement.

43. There is a complete absence of justiciable issue of law or fact regarding Premier's failure to accept and provide refunds for the Products FGXI seeks to return to Premier, entitling FGXI to be paid its costs of litigation, including attorneys' fees, pursuant to R. I. Gen. Laws § 9-1-45.

44. As a result of Premier's anticipatory breach of its contractual obligations under the Distribution Agreement, FGXI has incurred substantial damages, including the amount of at least $327,632.00 in unsold Products that are entitled to be returned and refunded by Premier, inventory storage costs, and legal fees and costs. FGXI continues to incur attorneys' fees and costs.

WHEREFORE, Plaintiff FGXI prays that this Court:

a. Enter judgment against Premier for anticipatorily breaching its contract—the Distribution Agreement—with FGXI;

b. Enter judgment ordering Premier to perform as required under the return and refund provisions of the Distribution Agreement with FGXI;

c. Award reasonable attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45;

d. Award all costs pursuant to R.I. Gen. Laws § 9-22-5; and

e. Award damages in an amount to be established at trial and for such other and further relief that the Court deems proper and just.

## COUNT III
### (*Breach of Contract*)

45. FGXI incorporates and re-alleges every allegation set forth in paragraphs 1 - 44.

46. FGXI and Premier entered into the Distribution Agreement pursuant to which FGXI would purchase Products from Premier, and FGXI could return the Products to Premier for a refund under certain situations, including if the Products were damaged or defective, if the Products were "slow-selling" or returned by FGXI's customers, or if the Products were unsold at the expiration or termination of any customer relationship between FGXI and its customer or the expiration or termination of the Distribution Agreement.

47. FGXI purchased Products from Premier as provided under the Distribution Agreement, at least some of which were unsold at the expiration or termination of certain of FGXI's customer relationships, and/or were damaged or defective, and/or were "slow-selling" or returned by FGXI's customers, and all of which were unsold at the expiration of the Distribution Agreement.

48. FGXI has attempted numerous times to initiate the return process for such Products, but, after October 22, 2020, Premier has refused to communicate with FGXI and has failed to provide a return materials authorization number and/or otherwise proceed with the return process.

49. Such actions (or inactions) by Premier have made complete performance of the Distribution Agreement impossible.

50. To the extent otherwise possible, FGXI has performed and will perform as promised under the Distribution Agreement.

51. Premier, however, has failed to perform its return/refund obligations as promised under the Distribution Agreement.

52. There is a complete absence of justiciable issue of law or fact regarding Premier's failure to accept and provide refunds for the Products FGXI seeks to return to Premier, entitling

FGXI to be paid its costs of litigation, including attorneys' fees, pursuant to R. I. Gen. Laws § 9-1-45.

53. As a result of Premier's breach of its contractual obligations under the Distribution Agreement, FGXI has incurred substantial damages, including the amount of at least $327,632.00 in unsold Products that are entitled to be returned and refunded by Premier, inventory storage costs, and legal fees and costs. FGXI continues to incur attorneys' fees and costs.

WHEREFORE, Plaintiff FGXI prays that this Court:

a.  Enter judgment against Premier for breaching its contract—the Distribution Agreement—with FGXI;

b.  Enter judgment ordering Premier to perform as required under the return and refund provisions of the Distribution Agreement with FGXI;

c.  Award reasonable attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45;

d.  Award all costs pursuant to R.I. Gen. Laws § 9-22-5; and

e.  Award damages in an amount to be established at trial and for such other and further relief that the Court deems proper and just.

## COUNT IV
### (*Breach of Implied Covenant of Good Faith and Fair Dealing*)

54.  FGXI incorporates and re-alleges every allegation set forth in paragraphs 1 - 54.

55. Implied in the Distribution Agreement between FGXI and Premier are covenants of good faith and fair dealing.

56. FGXI and Premier were bound to perform under the Distribution Agreement such that both parties could achieve the contractual objectives.

57. Premier's failure to provide a return materials authorization number and/or otherwise proceed with the return process or otherwise communicate with FGXI about initiating the return process prevented FGXI from receiving the fruits of the contract.

58. As a result of Premier's breach of the implied covenants of good faith and fair dealing, FGXI is forced to store unsold Products in its inventory and has been unable to obtain its bargained for refund for the unsold Products.

59. There is a complete absence of justiciable issue of law or fact regarding Premier's failure to accept and provide refunds for the Products FGXI seeks to return to Premier, entitling FGXI to be paid its costs of litigation, including attorneys' fees, pursuant to R. I. Gen. Laws § 9-1-45.

60. Further, as a result of Premier's breach of the implied covenants of good faith and fair dealing, FGXI has incurred significant damages, including inability to receive a substantial refund in the amount of at least $327,632.00, and legal fees and costs. FGXI continues to incur attorneys' fees and costs.

WHEREFORE, Plaintiff FGXI prays that this Court:

a. Enter judgment against Premier for breaching the covenants of good faith and fair dealing implied in its Distribution Agreement with FGXI;
b. Award reasonable attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45;
c. Award all costs pursuant to R.I. Gen. Laws § 9-22-5; and
d. Award damages in an amount to be established at trial and for such other and further relief that the Court deems proper and just.

## **JURY DEMAND**

Plaintiff FGXI demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

[*Signature page follows*.]

| | |
|---|---|
| DATE: June 4, 2021 | Respectfully submitted,<br><br>FGX INTERNATIONAL INC.,<br><br>By its attorneys,<br><br>CERVENKA GREEN & DUCHARME LLC<br><br><br>*/s/ Rachelle R. Green*<br>Rachelle R. Green (#5870)<br>Emily J. Migliaccio (#9300)<br>235 Promenade Street, Suite 475<br>Providence, RI 02908<br>(401) 214-1020<br>rgreen@cgdesq.com<br>emigliaccio@cgdesq.com |